**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEMETRIUS H., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-14464 |
| v. | ) | |
| | ) | Magistrate Judge Jeannice W. Appenteng |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Demetrius H. seeks to overturn the final decision of the

Commissioner of Social Security ("Commissioner") denying his applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

under Titles II and XVI of the Social Security Act. The parties consented to the

jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c),

and filed cross-motions for summary judgment. After review of the record and the

parties' respective arguments, the Court denies plaintiff's motion and grants the

Commissioner's motion.

**<u>BACKGROUND</u>**

Plaintiff protectively applied for SSI and DIB benefits on December 1, 2020

alleging disability since January 3, 2020 due to bipolar disorder, major depression,

and anxiety. Administrative Record ("R.") 215-16, 219, 247. Born in November 1997,

plaintiff was 22 years old as of the alleged onset date, making him a younger person

(under age 50). 20 C.F.R. § 404.1563(c); 20 C.F.R. § 416.963(c). R. 215. He graduated

from high school and lives with his mother. R. 41, 248. Plaintiff has worked sporadically as a bulk trailer loader, cook, and production helper. R. 248-49. Most recently, he spent three months as an assembly line worker at a meat packing company until he was fired for COVID-related absences. R. 44-45. None of this employment qualified as substantial gainful activity.

The Social Security Administration denied plaintiff's applications initially on December 27, 2021, and upon reconsideration on July 25, 2022. R. 63-100. Plaintiff filed a timely request for a hearing and on December 8, 2022, he appeared before an administrative law judge ("ALJ"). R. 38. The ALJ heard testimony from plaintiff, who was represented by counsel, and from vocational expert Michelle Pagella (the "VE").[1] R. 40-62. On December 28, 2022, the ALJ found that plaintiff's mood disorder and anxiety disorder are severe impairments, but that they do not alone or in combination with plaintiff's non-severe impairments meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 21-23.

After reviewing the evidence, the ALJ concluded that plaintiff has the RFC to perform work at all exertional levels with certain non-exertional restrictions. R. 23-30. The ALJ accepted the VE's testimony that a person with plaintiff's background and this RFC could perform a significant number of jobs available in the national economy. R. 31-32. As a result, the ALJ concluded that plaintiff was not disabled at any time from the alleged disability onset date through the date of the decision. R. 32. The Appeals Council denied plaintiff's request for review on August 2, 2023. R.

---

[1] The hearing was held telephonically due to the COVID-19 pandemic.

1-5. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of his request for reversal or remand, plaintiff argues that the ALJ: (1) erred in finding agoraphobia to be a non-severe impairment; and (2) did not properly consider the opinion evidence of record.[2] For reasons discussed in this opinion, the Court finds that the ALJ's decision is supported by substantial evidence.

## DISCUSSION

### A. Standard of Review

A claimant is disabled within the meaning of the Social Security Act if he is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[3] 20 C.F.R. § 404.1505(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether

---

[2] Arguments not specifically addressed in this opinion were not reasonably developed and have been waived. *See, e.g., Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

[3] Because the regulations governing DIB and SSI are substantially identical, for ease of reference, only the DIB regulations are cited herein.

[the claimant] has a severe impairment or a combination of impairments that is severe; (3) whether [the claimant's] impairments meet or equal any impairments listed as conclusively disabling; (4) whether [the claimant] can perform . . . past work; and (5) whether [the claimant] is capable of performing any work in the national economy." *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)-(g)). If the claimant meets his burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id.*

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus*, 994 F.3d at 900). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a "logical bridge from the evidence to his conclusion"); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

4

### B.    Analysis

#### 1.    Step 2 Determination

Plaintiff argues that the case must be reversed or remanded because the ALJ erred in finding that his agoraphobia is not a severe impairment. Dkt. 16 at 8-9; Dkt. 21 at 1-2 (arguing that the ALJ addressed the 12-month durational requirement but not the severity of the impairment). "At step two of the sequential analysis, the ALJ must determine 'whether the claimant in fact has an impairment or combination of impairments that is severe.'" *Randy S. v. Bisignano*, No. 23 CV 5872, 2026 WL 92921, at *5 (N.D. Ill. Jan. 13, 2026) (quoting *Frank R. v. Kijakazi*, No. 19 CV 3223, 2021 WL 4264386, at *6 (N.D. Ill. Sept. 20, 2021)). "'As long as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the remaining steps of the evaluation process,' making any error of omission at Step 2 harmless." *Diane E. v. Kijakazi*, No. 21 CV 197, 2023 WL 2612722, at *3 (N.D. Ill. Mar. 23, 2023) (citing *Esther V. v. Saul*, No. 19 CV 8093, 2021 WL 1121123, at *4 (N.D. Ill. Mar. 24, 2021). *See also Dorothy B. v. Berryhill*, No. 18 CV 50017, 2019 WL 2325998, at *2 (N.D. Ill. May 31, 2019) ("[A]ny error at step two is harmless if the ALJ finds a claimant has *any* severe impairment and goes on to sufficiently address the aggregate effect of all the claimant's severe and non-severe impairments later in his analysis.") (emphasis in original) (citations omitted).

Here, the ALJ found that plaintiff's mood disorder and anxiety disorder are severe impairments and so proceeded through the next sequential steps. R. 21-32. The ALJ also made clear that she considered all of plaintiff's impairments in

assessing his RFC, "including those that are not severe." R. 21. Notably, plaintiff does not challenge the RFC determination or identify any agoraphobia-related limitations that the ALJ omitted. In such circumstances, any error the ALJ may have made at Step 2 was at most harmless and does not support remanding the case. *See Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021)) ("We have repeatedly emphasized that 'the harmless error standard applies to judicial review of administrative decisions.'").

### 2.    Opinion Evidence

Plaintiff's primary argument for reversal or remand is that the ALJ erred in evaluating the opinion evidence of record. Dkt. 16 at 9-15; Dkt. 21 at 2-9. Since plaintiff filed his claims in December 2020, the treating source rule used for claims filed before March 27, 2017 does not apply. This means the ALJ was not required to "defer or give any specific evidentiary weight" to any medical opinion, including a treating physician's opinion. 20 C.F.R. § 404.1520c(a). *See also Robert J. L. v. O'Malley*, No. 20 CV 50444, 2024 WL 809091, at *2 (N.D. Ill. Feb. 27, 2024). Instead, the ALJ was required to determine the "persuasiveness" of each medical opinion considering: "supportability, consistency, the medical professional's relationship with the claimant (including the length of the treatment relationship, frequency of examinations, and purpose and extent of the treatment relationship), specialization, and other facts that tend to support or contradict a medical opinion." *Cain v. Bisignano*, 148 F.4th 490, 496-97 (7th Cir. 2025) (citing 20 C.F.R. §

6

416.920c(c)(1)-(5)). "The most important of these factors are supportability and consistency"; indeed, "[t]he ALJ must explain its consideration of these two factors but need not address the remaining factors." *Id.* at 497.

The ALJ discussed all the opinions of record and was most persuaded by those from the state agency psychological reviewers. R. 26, 29-30. On December 21, 2021, Donald Hinton, Ph.D., determined that plaintiff has moderate limitations in the ability to: understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; interact appropriately with the general public and accept instructions and respond appropriately to criticism from supervisors; respond appropriately to changes in the work setting; and set realistic goals or make plans independently of others. R. 70-71, 80. Dr. Hinton concluded that despite these limitations, plaintiff retains the ability to: "understand and remember short and simple instructions"; concentrate and maintain attention for two-hour periods; function with gradual workplace changes; and work with co-workers and the general public as long as that is not his "usual task." R. 70-71, 79-80. Jeanne Yakin, Ph.D., affirmed this assessment on July 25, 2022. R. 95, 97-99.

The ALJ adopted these restrictions in the RFC, finding plaintiff capable of: performing simple, routine, and repetitive tasks; making simple work-related decisions; tolerating occasional changes in the work setting; and having occasional interaction with co-workers, supervisors, and the public. R. 23. Plaintiff also needs a break of one to two minutes per hour, while remaining at the workstation, to

7

refocus. And though plaintiff cannot work jobs requiring an hourly production rate, he can meet end of the day goals. *Id.*

Plaintiff argues that the ALJ erred in omitting two additional limitations set forth by Drs. Hinton and Yakin: "[i]nstructions from supervisors should be given in a non-threatening manner," and plaintiff should receive "coaching in setting and achieving goals." R. 71, 80; Dkt. 16 at 14-15; Dkt. 21 at 2-4. The Court disagrees. The ALJ explained that giving instructions in a "non-threatening manner" is not a defined vocational term and has an unclear meaning. R. 30. Plaintiff responds that the ALJ should have asked the doctors for a definition. Dkt. 16 at 14; Dkt. 21 at 3. But a court "generally upholds . . . the ALJ's reasoned judgment regarding how much evidence to gather, and any omission must be 'significant' - meaning, prejudicial - for the Court to determine that an ALJ abdicated his duty to develop the record." *Sylvester W. v. Kijakazi*, No. 19 CV 4263, 2022 WL 1591622, at *3 (N.D. Ill. May 19, 2022) (quoting *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009)). Here, the ALJ reasonably cited plaintiff's own testimony that he got along well with his supervisor at the meat packing company where he worked for three months. R. 24, 30, 44. In such circumstances, the ALJ's decision to reject the limitation about "non-threatening" instructions is supported by substantial evidence. *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (substantial evidence is "not a high threshold").

The ALJ also declined to require that plaintiff receive coaching in setting and achieving goals, finding it unnecessary given the limitation to unskilled work with no hourly rates. R. 30. Plaintiff disagrees with this assessment, positing that even

8

unskilled jobs may have goals regarding absences and work quality. Dkt. 16 at 14; Dkt. 21 at 4. Plaintiff's unsupported speculation is not a basis for remand. *Stewart v. Berryhill*, 731 F. App'x 509, 510 (7th Cir. 2018) (internal quotations omitted) ("Unsubstantiated claims are of course, no substitute for evidence."). Further, the ALJ fairly observed that plaintiff was able to sustain work at the meat packing facility without being fired for performance issues. R. 30. *See Rodolfo G. v. Kijakazi*, No. 19 CV 3937, 2022 WL 507589, at *7 (N.D. Ill. Feb. 18, 2022) (quoting *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015)) ("[C]ourts will uphold 'all but the most patently erroneous reasons for discounting a treating physician's assessment.'"). On the record presented, the ALJ did not reversibly err by accepting most but not all the state agency physicians' restrictions, and the Court will not "second-guess the ALJ's judgment." *Banach v. Berryhill*, No. 17 CV 6376, 2018 WL 3608552, at *1 (N.D. Ill. July 27, 2018); *Pufahl v. Bisignano*, 142 F.4th 446, 458 n.18 (7th Cir. 2025) (ALJ "did not need to rely entirely on a particular physician's opinion.").

Plaintiff's remaining arguments for remand focus on errors the ALJ purportedly made in evaluating the other two opinions of record. Dkt. 16 at 9-13; Dkt. 21 at 5-9. There is no dispute that the ALJ considered the December 11, 2021 opinion from psychological consultant Anna Scott, LPC, R. 26, 29, 745-50, and the February 15, 2022 opinion from Mark A. Amdur, M.D., who examined plaintiff once at his counsel's request. R. 26-27, 29, 879-85. The ALJ acknowledged that both treaters described plaintiff as severely debilitated and completely incapable of tolerating any workplace setting. *Id.*

9

The ALJ went on to explain, however, that the dire assessments were inconsistent with other record evidence. Dr. Amdur deemed plaintiff functionally illiterate, but he graduated from high school and was able to complete his own Function Reports. R. 29, 312-27. And though Dr. Amdur said that plaintiff is wholly incapable of getting along with co-workers, remaining at a work site, and attending interviews, R. 883-84, plaintiff applied for and obtained a meat packing job where he got along well with co-workers and supervisors and worked six to seven hours per day before being fired for COVID-related absences. R. 29. *See Alejandrina A. v. Kijakazi*, No. 20 C 4089, 2023 WL 2539239, at *12 (N.D. Ill. Mar. 16, 2023) (citing *Karr*, 989 F.3d at 512) (ALJ properly discounted opinion that was "inconsistent with other objective evidence in the record").

Ms. Scott found plaintiff markedly limited in nearly every area of psychological functioning, but therapy notes and mental status exams during medication management appointments showed plaintiff to be cooperative, calm, and pleasant with intact memory and normal ability to maintain attention and concentration. R. 29, 758, 965, 978, 996, 1002, 1008, 1031, 1046. During Ms. Scott's own evaluation, plaintiff was able to follow a three-step command, spell "world" backwards, and be engaged and cooperative, which conflicted with Ms. Scott's conclusion that plaintiff cannot remember or carry out even 1 to 2 step tasks or maintain socially appropriate behavior. R. 29, 748, 750. *See Pavlicek v. Saul*, 994 F.3d 777, 781 (7th Cir. 2021) (an ALJ may decline to credit a treating physician's opinion when it "is inconsistent with the physician's treatment notes."). The ALJ

10

also suspected that Ms. Scott based her evaluation mostly on plaintiff's subjective statements rather than objective findings. R. 29. *Nichol L. A. v. Comm'r of Soc. Sec.*, No. 21-CV-00480-SPM, 2022 WL 3348774, at *8 (S.D. Ill. Aug. 12, 2022) (quoting *Bates v. Colvin*, 736 F.3d 1093, 1100 (7th Cir. 2013)) ("[W]here a treating physician's opinion is based on the claimant's subjective complaints, the ALJ may discount it.").

Plaintiff contends no inconsistencies exist between the record evidence and the opinions from Ms. Scott and Dr. Amdur, citing for example records where he demonstrated a depressed mood, flat affect, and abnormal recent and remote memory. Dkt. 16 at 12 (citing R. 787, 965, 978, 996, 1002, 1008). Plaintiff also disagrees with the ALJ's observation that Ms. Scott relied too heavily on his subjective complaints, and finds no error in Dr. Amdur's conclusion that he is functionally illiterate. R. 29; Dkt. 16 at 10, 12; Dkt. 21 at 4-7. Finally, plaintiff denies that he can concentrate sufficiently to sustain work full-time, noting his self-reports to medical professionals that though he was working at the meat packing job six or seven days per week, he experienced problems such as missing two days of work during his probationary period and twice walking away from his work station for unscheduled 30-minute breaks due to panic attacks. Dkt. 16 at 13; Dkt. 21 at 7-8; R. 29, 53, 977, 995.

Plaintiff's arguments, however, essentially ask the Court to reweigh the evidence to reach a different conclusion, which is something the Court cannot do. *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (a court "will not reweigh

11

the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination."). The ALJ discussed all the relevant evidence, including the evidence plaintiff relies on above, and provided reasonable explanations for finding the opinions from the state agency reviewers more persuasive then those from Ms. Scott and Dr. Amdur. R. 24-30. *See Marianita M. v. Bisignano*, No. 24 CV 7695, 2026 WL 472924, at *5 (N.D. Ill. Feb. 19, 2026) (where the ALJ "relied on the state agency reviewers' opinions" about plaintiff's mental functioning, the court found no error and declined plaintiff's invitation to rehash the evidence and weigh it differently); *Rodolfo G.*, 2022 WL 507589, at *7.

Finally, plaintiff raises a cursory objection to the ALJ's discussion of his daily activities. Dkt. 16 at 15. This argument fails because it is proper to consider a claimant's daily activities, *Alvarado v. Colvin*, 836 F.3d 744, 750 (7th Cir. 2016), and the ALJ did not equate plaintiff's activities with an ability to work. R. 30 ("The undersigned does not consider these activities to be conclusive proof that the claimant could sustain full time work activity."); *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Consistent with the state agency reviewers' assessments, the ALJ reasonably determined that plaintiff's ability to perform personal care tasks, do house and yard work, prepare meals, shop in stores, handle money, visit with friends, drive around downtown, go to the beach, and play videogames was one factor undermining his claims of disabling mental impairments. R. 24, 30.

Viewing the record as a whole, the ALJ did not commit reversible error in assessing the opinion evidence of record and finding plaintiff capable of sustaining

12

full-time work. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022)

(courts "apply a very deferential standard of review to the ALJ's decision"). Plaintiff

may wish the ALJ had weighed the evidence differently, but that is not a sufficient

basis to remand the case.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment

[16] is denied, and the Commissioner's motion for summary judgment [19] is

granted. The Clerk is directed to enter judgment in favor of the

Commissioner.


**SO ORDERED.**


_____

**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 4/30/2026